**In re LITIGATION UNDER the REGIONAL RAIL REORGANIZATION ACT OF 1973.**

**No. 166.**

Judicial Panel on Multidistrict Litigation.

March 1, 1974.

As Corrected March 12, 1974.

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON*, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL*, Judges of the Panel.

## OPINION AND ORDER

### PER CURIAM.

█ The Regional Rail Reorganization Act of 1973 (Pub.L.No.93–236) was enacted into law on January 2, 1974. In general terms, the purpose of this legislation is to provide a rail service system in the midwest and northeast regions of the United States which is adequate to meet the needs and service requirements of these regions and of the national rail transportation system. The Act provides for the establishment of a "special court," with certain specified functions and powers [Sections 207(b) and 303], by the Judicial Panel on Multidistrict Litigation.[1]

Pursuant to Section 209(b), the United States Railway Association, created by the Act, petitioned the Panel "for the consolidation in a single, three-judge district court of the United States of all judicial proceedings with respect to the final system plan." The petition requested that the Panel designate the District of the District of Columbia as the situs of the special court and also requested that the Panel consolidate and transfer to the special court for resolution four lawsuits commenced against the Association and others challenging the constitutionality of the Act.[2] The parties to the various railroad bankruptcy proceedings affected by this legislation all agree that the Panel must now decide the location of the special court created by the Act and select the Federal judges who will sit on the court. With the exception of the United States, all other respondents in the four actions challenging the constitutionality of the Act oppose transfer to the special court.

█ It is clear that the Panel must establish the special court within 30

---

* Judges MURRAH, ROBSON and WEIGEL took no part in the consideration or decision of this matter because of their inability to attend the hearing, except that Judges Robson and Weigel participated in the selection of the members of the special court and the selection of its presiding judge.

1. Section 209(b) of the Act provides:

SPECIAL COURT.—Within 30 days after the date of enactment of this Act, the Association shall make application to the Judicial Panel on Multidistrict Litigation authorized by Section 1407 of Title 28, United States Code, for the consolidation in a single, three-judge district court of the United States of all judicial proceedings with respect to the final system plan. Within 30 days after such application is received, the Panel shall make the consolidation in a district court (cited herein as the "special court") which the Panel determines to be convenient to the parties and the one most likely to be able to conduct any proceedings under this section with the least delay and the greatest possible fairness and ability. Such proceedings shall be conducted by the special court which shall be composed of three Federal judges who shall be selected by the Panel, except that none of the judges selected may be a judge assigned to a pro-

ceeding involving any railroad in reorganization in the region under Section 77 of the Bankruptcy Act (11 U.S.C. 205). The special court is authorized to exercise the powers of a district judge in any judicial district with respect to such proceedings and such powers shall include those of a reorganization court. The special court shall have the power to order the conveyance of rail properties of railroads leased, operated, or controlled by a railroad in reorganization in the region. The Panel may issue rules for the conduct of its functions under this subsection. No determination by the Panel under this subsection may be reviewed in any court.

2. The four actions heretofore filed seeking a judgment of the unconstitutionality of the Act and an injunction against its enforcement, operation and execution are entitled: Connecticut General Life Insurance Corp., et al. v. United States Railway Association, et al., E.D.Pa. C.A. No. 74–189; Manufacturers Hanover Trust Company v. United States Railway Association, et al., E.D.Pa. C.A. No. 74–332; Richard Joyce Smith v. United States of America, et al., D.D.C. C.A. No. 180; and Penn Central Company v. Claude S. Brinegar, et al., D.D.C. C.A. No. 74–195.

days after the date on which the Railway Association's petition was received. Section 209(b). The initial disputed issue to be resolved is the location of the special court. Some parties favor Philadelphia (Eastern District of Pennsylvania) as the appropriate location, whereas others opt for the District of Columbia. On balance, we find that the special court should be located, for the convenience of the parties, in the District of the District of Columbia. This legislation is an heroic attempt by Congress to solve a very difficult national problem. Because this matter is of tremendous national interest, it seems fitting that the special court be located in the Nation's capital. In addition, documents, as well as personnel, of the Interstate Commerce Commission and the Department of Transportation will be involved in the proceedings before the special court and Washington, D. C. will be the most convenient location for them.

The Panel is also mandated to select three Federal judges to sit on the court. The only caveat is that "none of the judges selected may be a judge assigned to a proceeding involving any railroad in reorganization in the region under Section 77 of the Bankruptcy Act (11 U.S. C. § 205)." The following three judges are hereby selected by the Panel to sit on the special court:

Honorable Henry J. Friendly, United States Circuit Judge, United States Court of Appeals for the Second Circuit;

Honorable Carl McGowan, United States Circuit Judge, United States Court of Appeals for the District of Columbia Circuit;

Honorable Roszel C. Thomsen, United States Senior District Judge, United States District Court for the District of Maryland.

The Honorable Circuit Judge Henry J. Friendly is hereby selected to be Presiding Judge of the special court. The Panel, of course, retains the power to make other appointments if vacancies should arise.

The 23 railroad reorganization proceedings presently pending in federal district courts and which are encompassed within the terms of this legislation are listed on the attached Schedule A. The special court will conduct, with respect to the bankruptcy actions on Schedule A, such proceedings as required under Sections 207(b) and 303 of the Act.

The question whether the actions challenging the constitutionality of the Act or any part thereof should be consolidated and assigned to the special court will be treated in a separately filed opinion and order of the Panel.

For the foregoing reasons it is therefore

Ordered, pursuant to Section 209(b) of Public Law No. 93–236, that the Special Court be, and it hereby is, constituted in the District of the District of Columbia. It is further

Ordered, pursuant to Section 209(b) of Public Law No. 93–236, that the following United States Judges be, and they hereby are, selected and appointed members of the Special Court:

Honorable Henry J. Friendly, United States Circuit Judge, United States Court of Appeals for the Second Circuit;

Honorable Carl McGowan, United States Circuit Judge, United States Court of Appeals for the District of Columbia Circuit;

Honorable Roszel C. Thomsen, United States Senior District Judge, United States District Court for the District of Maryland.

It is further

Ordered that the Honorable Henry J. Friendly be, and he hereby is, appointed Presiding Judge of the Special Court. It is further

Ordered that in the case of death, disability, resignation or other good cause the Panel retains power to fill any vacancies on the Special Court hereby created.

**1404**

SCHEDULE A

*In re Ann Arbor Railroad Company,* Bankruptcy No. 4–90833, Eastern District of Michigan

*In re Boston and Maine Corporation,* No. 70–250–F, District of Massachusetts

*In re Central Railroad Company of New Jersey,* No. B401–67, District of New Jersey

*In re Erie Lackawanna Railway Company,* No. B72–2838, Northern District of Ohio

*In re Lehigh & Hudson River Railway Company,* Bankruptcy No. 72–419, Southern District of New York

*In re Lehigh Valley Railroad Company,* Bankruptcy No. 70–342, Eastern District of Pennsylvania

*In re Penn Central Transp. Co.,* No. 70–347 Eastern District of Pennsylvania

*In re Reading Company,* Bky. No. 71–828, Eastern District of Pennsylvania

*In re United New Jersey Railroad and Canal Company,* Secondary Debtor, Bky. 70–347–A, Eastern District of Pennsylvania

*In re Beech Creek Railroad Company,* Secondary Debtor, Bky. 70–347–B, Eastern District of Pennsylvania

*In re The Cleveland, Cincinnati, Chicago, and St. Louis Railway Company,* Secondary Debtor, Bky. 70–347–C, Eastern District of Pennsylvania

*In re The Cleveland and Pittsburgh Railroad Company,* Secondary Debtor, Bky. 70–347–D, Eastern District of Pennsylvania

*In re The Connecting Railway Company,* Secondary Debtor, Bky. 70–347–E, Eastern District of Pennsylvania

*In re The Delaware Railroad Company,* Secondary Debtor, Bky. 70–347–F, Eastern District of Pennsylvania

*In re Erie and Pittsburgh Railroad Company,* Secondary Debtor, Bky. 70–347–G, Eastern District of Pennsylvania

*In re The Michigan Central Railroad Company,* Secondary Debtor, Bky. 70–347–H, Eastern District of Pennsylvania

*In re The Northern Central Railway Company,* Secondary Debtor, Bky. 70–347–I, Eastern District of Pennsylvania

*In re Penndel Company,* Secondary Debtor, Bky. 70–347–J, Eastern District of Pennsylvania

*In re The Philadelphia, Baltimore and Washington Railroad Company,* Secondary Debtor, Bky. 70–347–K, Eastern District of Pennsylvania

*In re The Philadelphia and Trenton Railroad Company,* Secondary Debtor, Bky. 70–347–L. Eastern District of Pennsylvania

*In re The Pittsburgh, Youngstown and Ashtabula Railway Company,* Secondary Debtor, Bky. 70–347–M, Eastern District of Pennsylvania

*In re The Pittsburgh, Fort Wayne and Chicago Railway Company,* Secondary Debtor, Bky. 70–347–N, Eastern District of Pennsylvania

*In re Union Railroad Company of Baltimore,* Secondary Debtor, Bky. 70–347–O, Eastern District of Pennsylvania